IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARNOLDO ALVEAR AND JENNIFER ALVEAR, individually and on behalf of all others similarly situated, §§§§§ | |
| Plaintiffs, § | CIVIL ACTION NO. **B-02- 049** |
| vs. §§ | |
| WELLS FARGO HOME MORTGAGE, INC., F/K/A AND A/K/A NORWEST MORTGAGE, INC., §§§§§ | |
| Defendant. § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE COURT:

Notice is hereby given that pursuant to 28 U.S.C. § 1441, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), Defendant in the above-styled cause, hereby removes this action from the District Court, 107th Judicial District, of Cameron County, Texas. In support of such removal, Defendant states as follows:

1.     On or about February 6, 2002, Plaintiffs filed their Original Petition in the District Court, 107th Judicial District, of Cameron County, Texas, entitled *Arnoldo Alvear and Jennifer Alvear, Individually and on Behalf of All Others Similarly Situated v. Wells Fargo Home Mortgage, Inc. f/k/a and a/k/a Norwest Mortgage, Inc.*, No. 2002-02-000531-A. This removal is being accomplished within thirty (30) days of Defendant first receiving notice of this action by service of the Citation and Petition.

2.      Plaintiffs' alleged claims arise out of their purchase of a home in Cameron County, Texas.  As part of this purchase, Plaintiffs obtained a mortgage loan from Defendant.  Original Petition ¶¶ 10 and 12.  At the closing, Plaintiffs allege that Wells Fargo charged them a $60.00 credit report fee.  *Id.* ¶ 13.

3.      Plaintiffs claim that this $60.00 fee is improper because the actual cost of the credit report was "far less" than $60.00.  *Id.* ¶¶ 14 and 15.  Plaintiffs allege that this supposed overcharge violates both the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.41, *et seq.*

4.      Additionally, Plaintiffs have brought this case as a purported class action on behalf of a nationwide class and a Texas DTPA subclass of all persons:

> (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

Original Petition ¶2.

### FEDERAL QUESTION JURISDICTION

5.      A case may be removed if it could have been brought in federal court.  28 U.S.C. § 1441(a).

6.      Plaintiffs assert a claim under RESPA.  Original Petition ¶¶ 27-31 (citing 12 U.S.C. § 2607).  RESPA claims may be brought in federal court.   12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of [RESPA] may be brought in the United States district court . . . ."); 28 U.S.C. § 1331.  *See also Deboer v. Mellon Mort. Co.*, 64 F.3d 1171, 1173 (8th Cir. 1995); *Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649, 651 (S.D.N.Y. 1978).

7.    Therefore, Plaintiffs' RESPA claim is subject to removal.  28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

8.    Plaintiffs' DTPA claim is also subject to removal to this Court.  28 U.S.C. §§ 1367.

9.    It is well-settled that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative facts" with a federal claim.  *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805-806 (S.D. Tex. 2000) (quoting *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997)); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1997).  This principle applies with equal force to removed cases and cases initially filed in federal court.  *Id.* at 806.

10.    In this case, Plaintiffs' DTPA claim shares a "common nucleus of operative facts" with their RESPA claim.  More specifically, the factual allegations underlying the two claims are identical.  Original Petition ¶¶ 10-16.  Furthermore, Plaintiffs' class definitions for the RESPA class and the DTPA subclass are also identical.  *Id.* at ¶ 2.  In these circumstances, Plaintiffs' DTPA claim may be properly removed to this Court.  *See Jamal*, 97 F. Supp. 2d at 806; *Moreno v. STP Nuclear Operating Co.*, 172 F. Supp. 2d 857, 860 (S.D. Tex. 2001); *Stephens v. LJ Partners*, 852 F. Supp. 597, 600 (W.D. Tex. 1994).

## REMOVAL REQUIREMENTS

11.    In accordance with 28 U.S.C. § 1446, Defendant will file a copy of this Notice of Removal with the 107th Judicial District Court in Cameron County, Texas, and will serve a copy of the same upon counsel for Plaintiffs.

12.    As set forth in the Index attached hereto as Exhibit A, Defendant also attaches to this Notice of Removal all materials required by Southern District of Texas Local Rule 81.

WHEREFORE, Defendant Wells Fargo Home Mortgage, Inc. hereby removes this action from the District Court, 107th Judicial District, of Cameron County, Texas to the United States District Court for the Southern District of Texas, so that this Court can assume full jurisdiction as provided by law.

Respectfully submitted,

Robert T. Mowrey (Attorney-in-charge)
  Texas Bar No. 14607500
  S.D. Bar No. 9529
Thomas G. Yoxall
  Texas Bar No. 00785304
  S.D. Bar No. 16664
C. Don Clayton
  Texas Bar No. 24027932
  S.D. Bar No. 29669
**LOCKE LIDDELL & SAPP, LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Of Counsel:**

Norton A. Colvin, Jr.
  Texas Bar No. 04632100
  S.D. Bar No. 1941
Lecia L. Chaney
  Texas Bar No. 00785757
  S.D. Bar No. 16499
**RODRIGUEZ, COLVIN & CHANEY, LLP**
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78520
(956) 542-7441
(956) 541-2170 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by certified mail to the following counsel of record on this the 13ᵗʰ day of March, 2002:

Stephen Gardner
Law Offices of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas  75201
(214) 954-0663
(214) 871-8957 Telecopier

John Ventura
Conrad Bodden
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas  78521
(956) 546-9398
(956) 542-1478 Telecopier

**NOTICE OF REMOVAL OF CIVIL ACTION**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARNOLDO ALVEAR AND                §
JENNIFER ALVEAR, individually     §
and on behalf of all others similarly §
situated,                         §
                                  §          B-02-049
                Plaintiffs,       §      CIVIL ACTION NO. _____
                                  §
vs.                               §
                                  §
                                  §
WELLS FARGO HOME MORTGAGE,        §
INC., F/K/A AND A/K/A NORWEST     §
MORTGAGE, INC.,                   §
                                  §
                Defendant.        §

## INDEX

Pursuant to Southern District of Texas Local Rule 81, Defendant Wells Fargo Home

Mortgage, Inc. files the following exhibits in support of its Notice of Removal of Civil Action:

1.    This Index (Exhibit A);

2.    All executed process in this case (Exhibit B);

3.    All pleadings asserting causes of action, and all answers to such pleadings,

      including:

      a.    Plaintiff's Original Petition in state court (Exhibit C);

      b.    Defendant's Original Answer in state court (Exhibit D);

4.    The state court docket sheet (Exhibit E); and

5.    A list of all counsel of record, including addresses, telephone numbers and parties

      represented (Exhibit F).

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

No. 2002-02-000531-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: WELLS FARGO MORTGAGE, INC.
    BY SERVING ITS REGISTERED
    AGENT CORPORATION SERVICE CO.
    800 BRAZOS SUITE 750
    AUSTIN, TEXAS 78701

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on FEBRUARY 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-02-000531-A.

The style of the case is:

ARNOLD ALVEAR AND JENNIFER ALVEAR
VS.
WELLS FARGO HOME MORTGAGE, INC.,F/K/A AND A/K/A NO

R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ .

Cause of failure to execute this citation is: _____ SERVED ATTACHED

## OFFICERS RETURN OF SER\

COUNTY: CAMERON            CASE # 2002020531A        COURT 10 **ORIGINAL**

Clt. Ref.#                          Clt.#    1610

ARNOLD ALVEAR AND JENNIFER ALVEAR

VS

WELLS FARGO HOME MORTGAGE, INC., F/K/A AND A/K/A NORTHWEST
MORTGAGE, INC.

The documents came to our hand for service on 02/12/02  Time: 12:36:34

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on **02/13/02  Time: 15:25:00**

Executed at: 800 Brazos Suite, 750
            Austin, TX 78701

to the following: **Wells Fargo Mortgage, Inc.**
                **By Delivering To Corporation Service Company, Registered**
                **Agent, Margaret Leak**

_✓_ PERSONALLY delivering the document(s) to the person above.
____ SUBSTITUTE SERVICE per Order by delivering to _____in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL/PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service/of citation and/or notices.

Service Fee:_____                    Steve W Broussard
                                       Professional Civil Process Austin
Witness Fee Tendered:_____                   P.O. Box 342467
                                         Austin, Texas 78734-0042
STATE OF TEXAS}                            (512) 477-3500

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 15 day of Feb , 2002.

PCP Inv.# A0202 699

NOTARY PUBLIC SIGNATURE



JACKLYNN GAYE MALARKEY
MY COMMISSION EXPIRES
January 23, 2006

AURORA DE LA GARZA U...

FEB 0 6 2002

Cause No. 2002-02-000531-A

DISTRICT COURT OF CAMERON COUNTY, TEXAS

| | | |
|---|---|---|
| ARNOLDO ALVEAR AND JENNIFER ALVEAR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITU-ATED, | § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 107ᵗʰ JUDICIAL DISTRICT |
| WELLS FARGO HOME MORTGAGE, INC., F/K/A AND A/K/A NORWEST MORTGAGE, INC. | § § § § | |
| DEFENDANT | § § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiffs Arnoldo Alvear and Jennifer Alvear, individually and on behalf of all others similarly situated, complain of Wells Fargo Home Mortgage, Inc., formerly known as, and also known as, Norwest Mortgage, Inc., Defendant, and respectfully show the following:

### Nature of the Case

1.      This is an action for damages, restitution, costs and attorneys fees brought by Plaintiffs against Defendant for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 *et seq.* ("DTPA").

Original Petition, page 1

2.    This is a class action, on behalf of a nationwide class and a statewide subclass, defined as follows:

> Nationwide Class. All persons in the United States (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

> Texas Subclass.    All persons in Texas (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

Except where necessary, both classes will be referred to jointly as the "Class."

### Jurisdiction and Venue

3.    This Court has jurisdiction over Defendant and the subject matter of this case. The amount in controversy in this case falls within the jurisdictional limits of the Court. Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002, in that Defendant transacts business in Cameron County, Texas and the unlawful communications complained of in this case were delivered to Plaintiffs in Cameron County, Texas.

Original Petition, page 2

## Parties

4.    Plaintiffs are natural persons residing in Olmito, Cameron County, Texas. They are husband and wife. The total amount of their individual damages and the value of restitution individually sought by them does not exceed $10,000.00.

5.    Defendant Wells Fargo Home Mortgage, Inc., formerly known as, and also known as, Norwest Mortgage, Inc., is an originator and servicer of residential home mortgages with offices in all 50 states. It claims on its website that it provides "funding for approximately one of every 15 American homes."

6.    Defendant, Wells Fargo Home Mortgage, Inc. f/k/a and a/k/a Norwest Mortgage, Inc. is a California Corporation and may be served with process by serving its registered agent for service of process through Corporation Service Company, 800 Brazos, Suite 750, Austin, Texas 78701.

## Discovery Level

7.    This is a Level 2 case for discovery purposes, pursuant to Rule 190.3, Texas Rules of Civil Procedure.

## Acts of Agents

8.    Whenever in this Petition it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or the officers, agents, or employees of Defendant performed or participated in the act, with the actual, vicarious, or imputed authority of Defendant.

Original Petition, page 3

## Conditions Precedent

9.    All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

## Factual Allegations

10.    The Alvears wanted to buy a home and sought financing from Defendant.

11.    Defendant is engaged in originating and servicing residential home mortgages with offices in all 50 states.

12.    The Alvears and Defendant agreed on the terms of financing their home purchase, as reflected in their Settlement Statement dated February 14, 2000. This Settlement Statement is a standardized form usually called the "HUD-1" form.

13.    In the Alvears' HUD-1, Defendant represented that it had paid $60.00 for a credit report and collected that amount from the Alvears at closing.

14.    On information and belief, the actual amount of the credit report fee is far less than $60.00.

15.    Therefore, the $60.00 charge for the credit report is a charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan that is other than for services actually performed.

Original Petition, page 4

16.    On information and belief, Defendant collected similar items payable with the loan—including but not limited to the credit report item—from the other class members.

## Class Action Allegations

17.    This action is brought on behalf of a general class consisting of all persons in the United States (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action. Because Plaintiffs reside in Texas, they also seek relief for violations of the Texas Deceptive Trade Practices Act on behalf of a subclass of Texas residents.

18.    Plaintiffs allege on information and belief that the class is so numerous that joinder of all members is impractical.

19.    There are questions of law and fact common to Plaintiffs and the Class, all dealing with Defendant charging and collecting fees for services provided by third parties that were in excess of the amounts actually charged by those third parties.

20.    Plaintiffs' claims are typical of those of the class that they seek to represent. All such claims are based on the same facts and legal theories.

21.   Plaintiffs will fairly and adequately protect the interests of the class. Furthermore, they have retained counsel experienced in handling both individual and class actions under RESPA and the DTPA.  Neither Plaintiffs nor their counsel have any interests that are antagonistic to those of the Class or that might cause them not to vigorously pursue this action.

22.   The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Defendant.

23.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

24.   The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. In fact, Plaintiffs do not assert any theories of recovery other than those that they also assert on behalf of the Class.

25.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. It would be a grossly inefficient use of the courts to compel every class member to file a separate suit challenging the legality of Defendant's practices.

26.   Therefore, certification of a class action pursuant to TEX. R. CIV. P. 42 is appropriate.

Original Petition, page 6

### First Claim For Relief—Violations of RESPA

27.     Plaintiffs, individually and on behalf of the Nationwide Class, sue Defendant for violations of RESPA, which gives a private cause of action for the practices in which Defendant has engaged.

28.     RESPA prohibits charging or receiving "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." RESPA § 2607(c).

29.     RESPA provides that "any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." RESPA § 2607(d)(2).

30.     Plaintiffs therefore seek judgment pursuant to RESPA for three times the amount of any charge paid by Plaintiffs and other class members for such settlement services.

31.     Plaintiffs also seek an award of the court costs of the action together with reasonable attorneys fees.

### Claim For Relief—Violations of DTPA

32.     Plaintiffs, individually and on behalf of the Texas Subclass, sue Defendant for violations of the DTPA. Each class member is a "consumer" as that term is defined

Original Petition, page 7

in DTPA § 17.45(4). Defendant was, at all operative times, engaged in "trade" and "commerce" as those terms are defined in DTPA § 17.45(6).

33.     Defendant engaged in false, misleading, and deceptive acts and practices in the conduct of trade and commerce, which were relied on to the detriment of the class members and which were the producing cause of economic damage to class members.

34.     Defendant's actions were unconscionable as defined in DTPA § 17.45(5).

35.     Plaintiffs seek judgment pursuant to DTPA § 17.50(b)(1) for Plaintiffs' and other class members' economic damages. Plaintiffs also seek enhanced damages as provided by DTPA § 17.50(b)(1).

36.     Plaintiffs seek orders pursuant to DTPA § 17.50(b)(2) enjoining Defendant from engaging in the illegal practices set forth herein.

37.     Plaintiffs seek orders pursuant to DTPA § 17.50(b)(3) directing Defendant to restore to Plaintiffs and other class members all monies, which may have been acquired in violation of the DTPA.

### Jury Demand

Plaintiffs demand a jury trial.

### Requests for Disclosure

Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose within 50 days of service of this request, the information or material described in Texas Rule of civil Procedure 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), and (k).

Original Petition, page 8

## Prayer for Relief

Therefore, Plaintiffs pray that Defendant be cited to appear and answer herein and that the Court:

1.    Certify this case to proceed as a class action;

2.    Appoint Plaintiffs as class representatives;

3.    Appoint Plaintiffs' attorneys as class counsel;

4.    Upon trial of this action, grant Plaintiffs judgment against Defendant for their individual and enhanced damages;

5.    Upon trial of this action, grant the Class judgment against Defendant for their damages and enhanced damages;

6.    Upon trial of this action, order Defendant to return to Plaintiffs and other class members all monies which may have been acquired in violation of the DTPA;

7.    Upon trial of this action, grant a declaratory judgment finding that Defendant's practices described herein are illegal;

8.    Upon trial of this action, grant Plaintiffs judgment against Defendant for the reasonable and necessary attorney's fees and costs of this action through trial and any subsequent appeals.

Plaintiffs further pray for all such other and further relief as the Court may deem just and proper.

Original Petition, page 9

Respectfully submitted,

John Ventura
Texas State Bar Number 20545700
Conrad Bodden
Texas State Bar Number 00796220
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville Texas 78521
Telephone:   956/546-9398
Telecopier:   956/542-1478
Counsel for Plaintiffs and the Class

Stephen Gardner
Texas State Bar Number 07660600
Law Office of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
Telephone:   214/954-0663
Telecopier:   214/871-8957
Counsel for Plaintiffs and the Class

by:

Stephen Gardner,
Counsel for Plaintiffs and the Class

Original Petition, page 10

CAUSE NO. 2002-02-000531-A

| | | |
|---|---|---|
| ARNOLDO ALVEAR AND | § | IN THE DISTRICT COURT |
| JENNIFER ALVEAR, individually | § | |
| and on behalf of all others similarly | § | |
| situated, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | 107th JUDICIAL DISTRICT |
| | § | |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| INC., F/K/A AND A/K/A NORWEST | § | |
| MORTGAGE, INC., | § | |
| | § | |
| **Defendant.** | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Wells Fargo Home Mortgage, Inc. f/k/a and a/k/a Norwest Mortgage, Inc. ("Wells Fargo") files its Original Answer and respectfully states as follows:

### I. GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation in Plaintiffs' Original Petition and demands strict proof of each and every such allegation.

### II. PRAYER

WHEREFORE, Defendant Wells Fargo prays that Plaintiffs' Original Petition be dismissed and that Plaintiffs and the class they purport to represent take nothing. Defendant also requests any other relief, in law or in equity, to which it may justly be entitled.

Respectfully submitted,


Robert T. Mowrey
   Texas Bar No. 14607500
Thomas G. Yoxall
   Texas Bar No. 00785304
C. Don Clayton
   Texas Bar No. 24027932
**LOCKE LIDDELL & SAPP, LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

Norton A. Colvin, Jr.
   Texas Bar No. 04632100
Lecia L. Chaney
   Texas Bar No. 00785757
**RODRIGUEZ, COLVIN & CHANEY, LLP**
1201 East Van Buren
P. O. Box 2155
Brownsville, TX  78520
(956) 542-7441
(956) 541-2170 (facsimile)

**ATTORNEYS FOR
DEFENDANT WELLS FARGO
HOME MORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by certified mail to the following counsel of record on this the 7ᵗʰ day of March, 2002:

Stephen Gardner
Law Offices of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
(214) 954-0663
(214) 871-8957 Telecopier

John Ventura
Conrad Bodden
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 Telecopier

Respectfully submitted,

Robert T. Mowrey
  Texas Bar No. 14607500
Thomas G. Yoxall
  Texas Bar No. 00785304
C. Don Clayton
  Texas Bar No. 24027932
**LOCKE LIDDELL & SAPP, LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

Norton A. Colvin, Jr.
  Texas Bar No. 04632100
Lecia L. Chaney
  Texas Bar No. 00785757
**RODRIGUEZ, COLVIN & CHANEY, LLP**
1201 East Van Buren
P. O. Box 2155
Brownsville, TX  78520
(956) 542-7441
(956) 541-2170 (facsimile)

**ATTORNEYS FOR
DEFENDANT WELLS FARGO
HOME MORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by certified mail to the following counsel of record on this the 7th day of March, 2002:

Stephen Gardner
Law Offices of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas  75201
(214) 954-0663
(214) 871-8957 Telecopier

John Ventura
Conrad Bodden
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas  78521
(956) 546-9398
(956) 542-1478 Telecopier

RUN DATE 03/13/02
RUN TIME 10:34 AM

PAGE: 01

2002-02-000531-A

*  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *

ARNOLD ALVEAR AND JENNIFER ALVEAR

VS

WELLS FARGO HOME MORTGAGE, INC..F/K/A AND A/K/A NO

00591301
STEPHEN GARDNER
1845 WOODALL RODGERS FREEWAY
DALLAS, TEXAS          75201 0000

00315301
HON. ROBERT T. MOWREY
2200 ROSS AVENUE SUITE 2200
DALLAS TEXAS          75201 6776

(10)

DAMAGES

02      06      02

30.00

LAW OFFICE OF
STEPHEN GARDNER, P.

02/06/02  ORIGINAL PETITION FILED
02/06/02  JURY FEE: Pd. by STEPHEN GARDNER
02/07/02  CITATION: WELLS FARGO MORTGAGE, INC.
02/07/02     SERVED: 02/13/02    FILED: 02/21/02
03/08/02  ORIGINAL ANSWER: WELLS FARGO MORTGAGE,
          INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARNOLDO ALVEAR AND | § | |
| JENNIFER ALVEAR, individually | § | |
| and on behalf of all others similarly | § | |
| situated, | § | **B-02-049** |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| INC., F/K/A AND A/K/A NORWEST | § | |
| MORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## LIST OF COUNSEL OF RECORD

Pursuant to Southern District of Texas Local Rule 81, Defendant Wells Fargo Home

Mortgage, Inc. files the following List of Counsel of Record:

Counsel for Plaintiffs Arnoldo Alvear and Jennifer Alvear

Stephen Gardner
Law Offices of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
(214) 954-0663
(214) 871-8957 Telecopier

John Ventura
Conrad Bodden
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 Telecopier

Counsel for Defendant Wells Fargo Home Mortgage, Inc.

Robert T. Mowrey
Thomas G. Yoxall
C. Don Clayton
Locke Liddell & Sapp LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000
(214) 740-8800 Telecopier

Norton A. Colvin, Jr.
Lecia L. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
P.O. Box 2155
Brownsville, Texas  78520
(956) 542-7441
(956) 541-2170 Telecopier