IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **Arnoldo Alvear and Jennifer Alvear,** Individually and on behalf of all others similarly situated, Plaintiffs, | § § § § § | |
| v. | § § § | CIVIL ACTION NO. B-02-049 JURY DEMANDED |
| **Wells Fargo Home Mortgage, Inc., f/k/a and a/k/a Norwest Mortgage, Inc.,** Defendant | § § § | |

### Joint Discovery/Case Management Plan under
### Rule 26(f) Federal Rules of Civil Procedure

**To the Honorable Judge of the Court:**

The parties conferred as directed by the Court's March 14, 2002 Order, and respectfully submit the following:

**1.    State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The parties met by telephone on June 12, 2002. Stephen Gardner for plaintiff and Robert Mowrey for defendant participated.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.    Specify the allegation of federal jurisdiction.**

28 U.S.C. § 1331; 12 U.S.C. § 2614.

**4.    Name the parties who disagree and the reasons.**

None.

**Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure, page 1**

**5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No additional parties are anticipated at this time.

**6.    List anticipated interventions.**

No interventions are anticipated at this time.

**7.    Describe class-action issues.**

Plaintiffs seek class certification of their claims for damages, restitution, costs and attorneys fees for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 *et seq.* ("DTPA"). Plaintiffs will file a class certification motion seeking certification of a nationwide class (on RESPA) and a statewide subclass (on DTPA), defined as follows:

> **Nationwide Class.**   All persons in the United States (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

> **Texas Subclass.**   All persons in Texas (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendant (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

Because the parties agree that issues relating to class certification should be resolved prior to trial of the merits of this case, the parties propose to the Court that all deadlines be set at this

time only as to determination of the upcoming class certification motion, with trial dates and other deadlines to be set after the Court rules on the class certification motion.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to exchange initial disclosures on or before Friday, July 26, 2002.

**9. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties propose that discovery be conducted in two phases. The first phase would be for discovery related to class certification issues including issues related to the merits of the claims of the named plaintiffs. The second phase would commence after the Court rules on the class certification motion and would cover all remaining issues. Aside from the parties, no witnesses are known at this time. Plaintiffs assert that most documents relevant to class certification issues are in defendant's possession. Plaintiffs assert the types of those documents are those showing the closing costs, sources of payment for those costs, recipients of payment for those costs, amount of those costs, and other related matters, for both plaintiffs and the plaintiff class.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate that they will send interrogatories to defendant by August 1, 2002.

**C. When and to whom the defendant anticipates it may send interrogatories.**

**Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure, page 3**

Defendant anticipates that it wll send interrogatories to plaintiffs by August 1, 2002.

**D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral deposition of defendant's Rule 30(b)(6) witness.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of the named plaintiffs.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

As to class certification, plaintiffs do not anticipate designating an expert.

Defendant has not yet determined whether it will designate any experts.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate that they will take the deposition of any expert designated by defendant.

**H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Defendant anticipates that it will take the deposition of any expert designated by plaintiffs.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

There are no disagreements at this time.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.    State the date the planned discovery can reasonably be completed.**

Class certification discovery can be completed by February 17, 2003.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have discussed and are continuing to discuss whether this matter can be resolved expeditiously.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to an exchange of information as well as continued good-faith discussions which may bring about an expeditious resolution of this case.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Because class certification issues are not resolved, the parties do not believe that any ADR techniques are reasonably suitable to effective use in this case at this time.

**16.    Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties will consent to trial before Magistrate Black.

**17.    State whether a jury demand has been made and if it was made on time.**

Jury demand was timely made.

**18.    Specify the number of hours it will take to present the evidence in this case.**

Based on the status of the case at present, the parties anticipate that the class certification hearing will take six hours.

**Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure, page 5**

**19.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No motions are pending.

**20.  List other motions pending.**

No motions are pending.

**21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties propose that the Court set a deadline for class certification motions as follows:

Motion to certify due October 15, 2002.

Defendant's response due December 16, 2002.

Plaintiff's reply due February 17, 2003.

**22.  List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiffs:

John Ventura
Texas State Bar Number 20545700
Conrad Bodden
Texas State Bar Number 00796220
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville Texas 78521
Telephone:   956/546-9398
Telecopier:  956/542-1478

Stephen Gardner
Texas State Bar Number 07660600
Law Office of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
Telephone:   214/954-0663
Telecopier:  214/871-8957

Counsel for Defendant:

Robert T. Mowrey
Texas Bar No. 14607500
S.D. Bar No. 9529
Thomas G. Yoxall
Texas Bar No. 00785304
S.D. Bar No. 16664
C. Don Clayton
Texas Bar No. 24027932
S.D. Bar No. 29669
**LOCKE LIDDELL & SAPP, LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

Of Counsel:

Norton A. Colvin, Jr.
Texas Bar No. 04632100
S.D. Bar No. 1941
Lecia L. Chaney
Texas Bar No. 00785757
S.D. Bar No. 16499
**RODRIGUEZ, COLVIN & CHANEY, LLP**
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78520
(956) 542-7441
(956) 541-2170 (facsimile)

Respectfully submitted,

*Stephen Gardner by John Venture*

Counsel for Plaintiff
Date: June 21, 2002


*[signature]*

Counsel for Defendant
Date: June 19, 2002